## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| AMEN EL; PHARAOH EL-FOREVER LEFT-I, | Case No. 20-CV-1327 (DSD/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| PAUL SCHNELL et al., | |
| Defendants. | |

This matter is before the Court on the Plaintiff's August 4, 2020 letter (Dkt. 7-1) requesting that his application to proceed *in forma pauperis* (Dkt. 7) ("IFP Application") be sealed. The IFP Application has been filed under temporary seal pending the resolution of Plaintiff's request. For the reasons stated forth below this request is denied.

### I.    ANALYSIS

The Court interprets Plaintiff's request to seal his IFP Application as a request falling under Rule 5.6(e) of the Local Rules for the District of Minnesota, which provides that a "party who seeks leave of court to file a document under seal other than in connection with a motion under LR 7.1 or an objection under LR 72.2 must obtain direction from the court on the procedure to be followed."

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *see also Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016

(11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case."). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013).

A litigant seeking to proceed IFP must file an affidavit that includes a statement of assets and that the person is unable to pay fees. *See* 28 U.S.C. § 1915(a)(1). "Courts typically treat IFP applications as matters of public record." *Sai v. ABDI*, No. C17-1941-RAJ, 2018 WL 9781844, at *4 (W.D. Wash. Apr. 23, 2018), *R.&R. adopted*, 2018 WL 9781651 (W.D. Wash. Aug. 8, 2018) (collecting cases).

That said, "the right of access is not absolute, but requires a weighing of competing interests.'" *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT Corp.*, 709 F.3d at 1223 (quotation marks and citations omitted) (cleaned up); *see also Feinwachs*, 2018 WL 882808, at *3 (citation omitted).

Plaintiff does not sufficiently explain why or how the public filing of the information required as part of the IFP Application would or could cause actual, identifiable harm.  Assuming that Plaintiff is concerned about having his financial or dependent information become public, the Court finds that such information contained within his IFP Application is general and vague enough to avoid any risk to Plaintiff.  *See SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 127-28 (D.D.C. 2015) (citations omitted) (finding as insufficient for the purposes of sealing an IFP application an "unsupported assertion of an unqualified interest in privacy", an unlikely risk of possible identity theft, and a "general assertion that the affidavits might 'disclose embarrassing and potentially harmful information, such as an affiant's family situation, disability, [or] dependents' ").  Indeed, the IFP Application contains no sensitive information that the Court can discern—such as account numbers, social security numbers, or the names of any dependents—so as to overcome the public's right to access information that bears on the Court's rulings, including its ruling on Plaintiff's IFP Application  As such, Plaintiff's request to seal the IFP Application is denied.

## II.     ORDER

Based upon on the motions and the documents filed under seal, as well as all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

1.     Plaintiff's August 4, 2020 letter requesting that his application to proceed *in forma pauperis* ("IFP Application") be sealed (Dkt. 7-1) is **DENIED**.

2.     Docket Entry 7 shall be **UNSEALED** in accordance with Local Rule 5.6.

DATED: August 19, 2020                  <u>*s/Elizabeth Cowan Wright*</u>
                                                              ELIZABETH COWAN WRIGHT
                                                              United States Magistrate Judge