### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| AMEN EL, PHARAOH EL-FOREVER LEFT-I, | Case No. 20-CV-1327 (DSD/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| PAUL SCHNELL et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Pharaoh El-Forever Left-I Amen El's filing titled "Motion and Notice of Motion for Ex Parte Order to Show Cause and Emergency Hearing" (Dkt. 13 ("Motion")).  The Court construes the Motion as a request for a preliminary injunction and recommends denying it.

The Court received the Motion on November 3, 2020.  (*See* Dkt. 13 at 1.)  The Motion asks the Court "to enter [an] Order to show cause why an injunction [shouldn't] issue" compelling various sorts of injunctive relief from Defendants.  (*Id*. at 4.)  Specifically, Amen El wants (1) to be allowed "to purchase a more efficient face mask, and other [personal protective equipment] to protect against him contracting COVID-19"; (2) to be provided "a spraybottle [with] disinfectant for any time use"; and (3) unspecified "staff" to be forced to take an "ethics training . . . on the sanctity of life in association [with] how they treat inmates."  (*Id.*)

As an initial matter, Amen El asks the Court "not [to] recharacterize this request as a [p]reliminary [i]njunction or [temporary restraining order] request . . . ." (*Id.* at 1.) The Court agrees that the Motion does not really seek a temporary restraining order ("TRO"). As a leading treatise observes,

> Applicants for injunctive relief occasionally are faced with the possibility that irreparable injury will occur before the hearing for a preliminary injunction required by [Federal Rule of Civil Procedure] 65(a) can be held. In that event a [TRO] may be available under Rule 65(b). The order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party.

11A Charles A. Wright, Federal Practice and Procedure § 2951 (3d ed.), Westlaw (October 2020 update); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (stating that TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

As the Court understands the Motion, Amen El is not asking the Court to impose injunctive relief without a hearing.[1] Indeed, he wants Defendants to have notice, he wants them to provide briefing as to why they need not provide the requested injunctive

---

[1] Admittedly, the Motion's title refers to an "ex parte order" (Dkt. 13 at 1), and "ex parte" usually refers to something done by a court without all parties getting notice and a response opportunity. But here, the best interpretation of the Motion is that Amen El is asking the Court to require a response from Defendants before imposing injunctive relief (*see id.* at 4)—that is, he is not really asking this Court to impose relief ex parte.

relief, and he wants an emergency hearing. So the Court agrees that the Motion does not seek a TRO.

But the Court does think that, at root, the Motion seeks a preliminary injunction. For one thing, Amen El seems to say as much in a later filing. (*See* Dkt. 17 at 1 (letter asking court clerk to "inform the court of the urgency of my request for [p]reliminary [i]njunction").) But even putting that aside, what the Motion wants just **is** a preliminary injunction—Amen El wants the Court to impose injunctive relief on Defendants in advance of this action's future resolution. *See, e.g.*, *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); *W. Plains, L.L.C. v. Retzlaff Grain Co. Inc.*, 870 F.3d 774, 785 (8th Cir. 2017) (citing *Camenisch*). The Court therefore construes the Motion as seeking a preliminary injunction.

With this construction in place, the Court turns to the standards for preliminary injunction motions. Under those standards, the Motion should be denied for at least two reasons. The first is procedural. Under Federal Rule of Civil Procedure 65(a)(1), a court can issue a preliminary injunction "only on notice to the adverse party." There is no record suggesting that Defendants have notice of Amen El's request for a preliminary injunction. Indeed, at this point Amen El has only just recently paid this action's initial partial filing fee, and he has filed a new amended complaint that this Court must address and/or screen under 28 U.S.C. § 1915(e)(2) and § 1915A before deciding whether it should be served on Defendants. Amen El thus has not satisfied the requirement of Rule 65(a)(1).

Furthermore, even if Defendants had notice of the Motion, the Court would still recommend its denial on substantive grounds. In the Eighth Circuit, courts assess preliminary injunction requests by weighing the *Dataphase* factors: "'(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.'" *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 953 F.3d 1041, 1044 (8th Cir. 2020) (quoting *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)); *Berry v. Hennepin Cty.*, No. 20-CV-2189 (WMW/LIB), 2020 WL 6337706, at *2 (D. Minn. Oct. 29, 2020) (citing *Dataphase*). The movant bears the burden of showing that these factors favor a preliminary injunction. *See, e.g.*, *Prime Therapeutics LLC v. Beatty*, 354 F. Supp. 3d 957, 967 (D. Minn. 2018) (citing *CPI Card Grp., Inc. v. Dwyer*, 294 F. Supp. 3d 791, 807 (D. Minn. 2018)).

To be fair to Amen El, the Motion arguably raises the prospect of irreparable harm. But there is no discussion of the other three *Dataphase* factors, and so Amen El has failed to show that those factors weigh in favor of a preliminary injunction here. As a result, even if the Motion complied with the procedural rules for seeking a preliminary injunction—which it does not—the Court would still recommend denying it.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff Pharaoh El-Forever Left-I Amen El's

4

filing titled "Motion and Notice of Motion for Ex Parte Order to Show Cause and Emergency Hearing" (Dkt. 13) be **DENIED**.

Dated: November 23, 2020                    *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).