# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| AMEN EL, PHARAOH EL-FOREVER LEFT-I, | Case No. 20-CV-1327 (DSD/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| PAUL SCHNELL et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Pharaoh El-Forever Left-I Amen El's ("Amen El") filing titled "Motion for TRO" (Dkt. No. 27 ("TRO Motion")). For the following reasons, the Court recommends denying the TRO Motion.

The TRO Motion cites risks to Amen El from potential exposure to COVID-19 at the Minnesota Correctional Facility–Stillwater and asks this Court to impose various forms of relief pending a potential future preliminary-injunction hearing. (*See, e.g.*, *id.* at 1, 5-6.[1]) He seeks at least ten forms of relief, including (in his own words) the following:

> 1.) Ability to clean food packages and surfaces in cell at will. Provide or allow Amen El, the opportunity to purchase a miniature spray bottle.

---

[1] No such hearing is presently scheduled. Amen El filed a motion in November 2020 that this Court construed as a preliminary-injunction motion. (*See* Dkt. 13; Dkt. 23 at 3.) This Court recommended denying that motion (*see* Dkt. 23), Amen El has objected (*see* Dkt. 31), and his objections are presently before Judge David S. Doty for consideration. In a notice submitted alongside the TRO Motion, Amen El suggests that he will file another preliminary-injunction motion once Defendants are served in this action. (*See* Dkt. 28 at 1.)

    2.)    Ability to access private mental health service through medicaid and have MNDOC honor treatment results . . . (telehealth) . . .

    3.)    Ability to access private medical health care through medicaid and have MNDOC honor results . . . (telehealth) . . .

    4.)    Ability to purchase masks that don't pose risk to safety and security of facility, and that are fitted for exercising . . .

    5.)    Ability to purchase gloves that dont pose risk to safety and security of facility.

    6.)    Ability to purchase protective eye equipment.

    7.)    A notice to staff informing them to reframe from speaking and behaving on accord w/ their political and personal beliefs that Covid is a hoax.

    8.)    Hire additional swampers to clean.

    9.)    Order against Herd Immunity Practices.

    10.)    Ability to take test from other sources not aligned with the DOC.

(*Id.* at 9 (ellipses and errors in original).)

The Court turns to the standards for TROs. Under those standards, the TRO Motion should be denied for at least two reasons. First, under Federal Rule of Civil Procedure 65(b)(1)(B), a court may issue a TRO without written or oral notice to the adverse party "only if," among other things, the party seeking the TRO "certifies in writing any efforts made to give notice and the reasons why it should not be required." This rule applies here; there is no indication that Defendants know of the TRO Motion, given that they have yet to be served in this action at all. Amen El has nevertheless provided no certification of any efforts to give notice to Defendants, and gives no reasons why notice ought not be required. (*See generally* Dkt. No. 27; Dkt. No. 30 (affidavit in

support of TRO Motion); Dkt. No. 32 (letter to Court with "additional pieces of evidence supporting TRO").)

More importantly, even if Amen El resolved this procedural problem, the Court would still recommend denying the TRO Motion on substantive grounds. In the Eighth Circuit, courts assess TRO requests (as with preliminary-injunction requests) by weighing the so-called *Dataphase* factors: "(1) the likelihood of success on the merits of the claimant's claims; (2) the threat of irreparable harm to claimant; (3) the balance between that threat of harm and the injury that granting injunctive relief would inflict on other interested parties; and (4) whether the issuance of a TRO is in the public interest." *Angelica C. v. Immigration & Customs Enf't*, No. 20-CV-0913 (NEB/ECW), 2020 WL 3441461, at *11 (D. Minn. June 5, 2020) (citing *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)), *R. & R. adopted*, 2020 WL 3429945 (D. Minn. June 23, 2020); *see also, e.g.*, *Mohammed S. v. Tritten*, No. 20-CV-0793 (NEB/ECW), 2020 WL 2750836, at *19 (D. Minn. Apr. 28, 2020) (same), *R. & R. adopted*, 2020 WL 2750109 (D. Minn. May 27, 2020). The movant bears the burden of showing that these factors favor a TRO. *See, e.g.*, *Gilmore v. Martin Cty. Sheriff Dep't*, No. 19-CV-0141 (WMW/ECW), 2019 WL 3878090, at *3 (D. Minn. July 12, 2019) (quoting *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011)), *R. & R. adopted*, 2019 WL 3859516 (D. Minn. Aug. 16, 2019); *Abukar v. Whitaker*, No. 18-CV-3254 (DSD/KMM), 2018 WL 6191149, at *1 (D. Minn. Nov. 28, 2018) (citing *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

The Court observes that the TRO Motion, and Amen El's materials in support of it, raise the prospect of irreparable harm. But as with Amen El's earlier preliminary-injunction request, Amen El does not discuss the other *Dataphase* factors, so has failed to show that the factors favor a TRO here.[2] As a result, even if the TRO Motion complied with the procedural rules for seeking a TRO—which it does not—the Court would still recommend denying it.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff Pharaoh El-Forever Left-I Amen El's filing titled "Motion for TRO" (Dkt. 27) be **DENIED**.

Dated: January 21, 2021        *s/Elizabeth Cowan Wright*
                               ELIZABETH COWAN WRIGHT
                               United States Magistrate Judge

---

[2] Amen El appears to argue that (1) he has conclusively established irreparable harm because he posits infringement of a constitutional right, and (2) the Court "has authority to enter or issue a TRO on the constitutional basis alone." (Dkt. 27 at 5-6.) Amen El is incorrect. Even assuming that this Court agreed with Amen El that the irreparable-harm factors favor him, Eighth Circuit caselaw is clear that, in analyzing a TRO request, a district court does not consider only the irreparable-harm factor. *See, e.g.*, *Craig v. Simon*, 980 F.3d 614, 617 (8th Cir. 2020) ("The likelihood of success on the merits is '[t]he most important of the *Dataphase* factors.'" (quoting *Shrink Mo. Gov't PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998) (brackets in *Craig*))); *MPAY Inc. v. Erie Custom Computer Applications, Inc.*, 970 F.3d 1010, 1015 (8th Cir. 2020) ("'While no single factor is determinative, the probability of success factor is the most significant.'" (quoting *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (citation and internal punctuation omitted)). That concern is particularly acute here, where Amen El's requested relief is wide-ranging; ignoring the balance between potential irreparable harm and the impact of Amen El's request on Defendants is a nonstarter.

4

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).