```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                    CIVIL NO. 20-1327(DSD/ECW)
```

Amen El, Pharaoh El-Forever
Left-I,

       Plaintiff,

v.                                                   **ORDER**

Paul Schnell, et al.,

       Defendants.

     This matter is before the court upon the objections by plaintiff Pharaoh El-Forever Left-I Amen El to the November 23, 2020, report and recommendation (November R&R) and to the January 21, 2021, report and recommendation (January R&R) of Magistrate Judge Elizabeth Cowan Wright.[1]  ECF Nos. 31, 35.  The magistrate judge recommends that the court deny both of Amen El's motions. ECF Nos. 23, 33.  After a de novo review, and for the following reasons, the court overrules Amen El's objections to the November R&R, adopts the November R&R in its entirety, overrules the January R&R as moot, and dismisses Amen El's second motion without prejudice.

---

    [1]   Magistrate Judge Wright also issued a report and recommendation on February 11, 2021.  ECF No. 39.  The deadline for filing an objection to that R&R has not yet passed.

**BACKGROUND**

This dispute arises out of the COVID-19 response at Minnesota Correctional Facility-Stillwater, where Amen El is incarcerated. The complete background of this action is fully set forth in the R&Rs and will not be repeated here. The court will only briefly summarize the history of the present action.

On November 3, 2020, Amen El filed his first motion for ex parte order. See ECF No. 13. Amen El requested that the court issue an order allowing him "to purchase a more efficient face mask[] and other [personal protective equipment] to protect against him contracting COVID-19"; requiring that MCF-Stillwater provide him with "a spraybottle [sic] w[ith] disinfectant for anytime use"; and mandating "[an] ethics training for staff on the sanctity of life ...." Id. at 4. Amen El asked the court "not [to] recharacterize this request as a [p]reliminary injunction or [temporary restraining order] ...." Id. at 1. After carefully reviewing the motion, however, the magistrate judge determined that the motion was for preliminary injunctive relief.[2] ECF No. 23, at 2-3. On November 23, 2020, the magistrate judge recommended

---

[2] Amen El titled the motion "Motion and Notice of Motion for Ex Parte Order to Show Cause and Emergency Hearing." ECF No. 13, at 1. The court interpreted the motion as seeking an order to require defendants to respond to Amen El's requests before issuing a preliminary injunction. ECF No. 23, at 2 n.1.

2

denying the motion on procedural and substantive grounds. Id. at 3-4.

Before objecting to the November R&R, Amen El filed a motion for a temporary restraining order (TRO) on December 3, 2020. See ECF No. 27. In that motion, Amen El again asks the court to impose various forms of relief, including, but not limited to, allowing him to: clean packages and surfaces, purchase personal protective equipment, and access private medical health care. See id. at 9. On December 17, 2020, Amen El objected to the November R&R. ECF No. 31.

On January 21, 2021, the magistrate judge recommended denying Amen El's motion for a TRO on procedural and substantive grounds. See ECF No. 33. On February 1, 2021, Amen El filed an objection to the January R&R that asks the court to allow him to withdraw his motion. See ECF No. 35. Both objections are now before the court.

## DISCUSSION

### I. Standard of Review

The court reviews the R&Rs de novo. 28 U.S.C. § 636(b)(1)(c). The court liberally construes a document filed by a pro se litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction means that the court construes a pro se litigant's filing "in a way that permits the [litigant]'s claim to be

3

considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (applying liberal construction to a pro se complaint). Pro se litigants are not held to the same stringent standards as formal pleadings drafted by lawyers. See Erickson, 551 U.S. at 94. Liberal construction does not mean, however, that the court will supply additional facts or construct legal theories on behalf of the litigant. See Stone, 364 F.3d at 914.

## II. Analysis

### A. November R&R

Amen El argues that the R&R incorrectly concluded that his motion should be dismissed. Specifically, Amen El argues that: (1) the magistrate judge did not review the motion under the correct pro se liberal standard; (2) the motion was for a TRO, not a preliminary injunction; and (3) Amen El established irreparable harm, which satisfied the Dataphase factors. The court disagrees.

First, the magistrate judge liberally construed Amen El's claim, as required. Amen El incorrectly asserts that "liberal construction" means that the court should interpret the motion in a way to survive denial. But liberally construing a motion does not require the court to supply additional facts or fabricate new legal theories to make a pro se filing viable. Instead, the court must consider the pro se litigant's filing within the proper existing legal framework. See id. at 914-15. The magistrate judge

4

met this standard by carefully reviewing and considering Amen El's motion and its factual basis.

Second, the magistrate judge correctly concluded that Amen El's motion was for a preliminary injunction, rather than a TRO. As set forth in the R&R, courts may grant injunctive relief through a preliminary injunction or a TRO. See Fed. R. Civ. P. 65(a), (b). TROs are designed to temporarily preserve the status quo until the court may hold a fuller hearing on the merits. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974) (explaining that TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). In contrast, preliminary injunctions seek to "preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). As noted in the R&R, Amen El is not asking for injunctive relief without a hearing; in fact, he seeks an emergency hearing during which defendants can address their resistance to providing him with the requested relief.[3] Thus, the court agrees with the magistrate

---

[3] Amen El also characterizes his motion as a preliminary injunction in a later filing to the court. See ECF No. 17, at 1.

judge's conclusion that Amen El's motion is for a preliminary injunction, not a TRO.[4]

Third, the magistrate judge correctly concluded that the motion for a preliminary injunction should be denied because the record is devoid of any evidence that Amen El served defendants with notice of the motion. Procedurally, a court can issue a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Even if defendants received notice, the motion for a preliminary injunction would be denied. The court weighs the four Dataphase factors in deciding whether to grant a preliminary injunction: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). "Because [a] preliminary injunction is an extraordinary remedy, the party seeking injunctive relief bears the burden of proving these factors weigh in its favor." Pavek v. Simon, 467 F. Supp. 3d 718, 752 (D. Minn. 2020) (internal quotations omitted) (quoting Mgmt. Registry, Inc. v. A.W. Co., Inc., 920 F.3d 1181, 1183 (8th Cir. 2019)).

---

[4] In any event, the court notes that the Dataphase factors govern the evaluation of both TROs and preliminary injunctions.

6

Amen El argues that he established irreparable harm and that he could demonstrate the other factors if the court ordered him to do so. Although the magistrate judge noted that Amen El could possibly establish irreparable harm, "no single factor is determinative." Home Instead, Inc. v. Florance, 721 F.3d 494, 497 (8th Cir. 2013). Of all the factors, "the probability of success factor is the most significant." Id. As the magistrate judge concluded, and Amen El concedes, the motion does not address the other three Dataphase factors. Amen El therefore has not met his burden under Dataphase.

The court has carefully reviewed the record and the R&R and finds that the November R&R is well reasoned and correct. As such, the court overrules Amen El's objections and denies Amen El's motion.

**B.   January R&R**

Amen El's "objection" to the January R&R is a request that the court dismiss his motion for a TRO without prejudice. See ECF No. 35. The court will grant that request and dismiss Amen El's motion without prejudice.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objection to the November R&R [ECF No. 31] is overruled;

2. The November R&R [ECF No. 23] is adopted in its entirety;

3. The motion for ex parte order to show cause and for emergency hearing [ECF No. 13] is denied;

4. The January R&R [ECF No. 33] is overruled as moot; and

5. Plaintiff's motion for a temporary restraining order [ECF No. 27] is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 19, 2021

s/David S. Doty
David S. Doty, Judge
United States District Court
