UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AMEN EL, PHARAOH EL-FOREVER LEFT-I, | Case No. 20-CV-1327 (DSD/ECW) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| PAUL SCHNELL, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Pharaoh El-Forever Left-i Amen El's "Request to Response [sic] to Defendants' Response to Rule Nisi and Other Matters" ("Reply to Rule Nisi"), received by the Clerk's Office on January 28, 2022 (Dkt. 98). On January 10, 2022, Amen El filed a "Rule Nisi" requesting the Court to order the Defendants to "respond . . . why the CDC recommendation shouldn't be instructive during this outbreak, including quarantine time" (Dkt. 87), as well as several "Judicial Notices" in October and November 2021 (Dkts. 83, 85, 86.) On January 18, 2022, at the Court's direction, Defendants filed a response to Amen El's "Rule Nisi" and "Judicial Notices." (Dkts. 89, 95.)

On January 31, 2022, the Court recommended denial of the "Rule Nisi"[1] (which the Court construed as a Motion for Order to Show Cause) and that the "Judicial Notices"

---

[1]  "'*Nici*' is the Latin word for 'unless,' and a rule *nici* 'is one which will definitely conclude the defendant's rights unless, within the prescribed time, he shows cause to set it aside or successfully appeals.'" *Blodgett v. Iowa*, No. 4:16-cv-00490-JAJ, 2017 WL 11506417, at *1 n.1 (S.D. Iowa. March 20, 2017) (quoting Black's Law Dict. (5th Ed.

be rejected, noting that the "Rule Nisi" "is essentially a request for injunctive relief that bears no relation to [Amen El's claims, which seek monetary relief based on events from October 27, 2020 to December 4, 2020] and lack[s] the supporting papers required by Local Rule 7.1" and that "Amen El ha[d] not shown such extreme conditions that would justify the Court's interference with [Minnesota Correctional Facility – Stillwater's ('MCF-STW')] COVID-19 response, particularly when the record and the pleadings establish that MCF-STW is following [Minnesota Department of Health] guidance." (Dkt. 96 at 54-56 ("Report and Recommendation").)  As to the "Judicial Notice" filings, the Court agreed with Defendants that "the 'facts' that Amen El wants this Court to judicially notice are far outside the scope of Rule 201(b) because they are subject to reasonable dispute." (*Id.* at 55 (citing Dkt. 95 at 6 (citing *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 830 (8th Cir. 2003)).)

In the Reply to Rule Nisi, Amen El continues with his request that the Court "order the state to follow CDC guidelines over there [sic] own customs and practices in the interest of substantial justice.  Amen El filed the Rule Nisi motion for no other reason

---

1979)).  28 U.S.C. § 1651(b), also known as the "All Writs Act" permits a "justice or judge of a court which has jurisdiction" to issue an "alternative writ or rule nisi."  28 U.S.C. § 1651(b); *see also Taylor v. United States*, No. 1:10-cv-01195-JDB-jay, 2019 WL 8440696, * 3 (W.D. Tenn. Sept. 6, 2019).  "The All Writs Act does not confer original jurisdiction on federal courts. . . . [i]nstead, [it] is a residual source of authority to issue writs that are not otherwise covered by a statute." *Lopez-Arroyo v. United States*, 2018 WL 3770051, at *3 (E.D. Cal. Aug. 8, 2018) (citations omitted).  To the extent Amen El's "Rule Nisi" seeks an injunction under the All Writs Act, a denial is recommended because "such relief should be granted only in the most critical and exigent circumstances when the legal rights at issue are indisputably clear," which are not present here. *Id.* (citing *Brown v. Gilmore*, 533 U.S. 1301, 1302 (2001)) (quotations omitted) (cleaned up).

2

but this." (Dkt. 98 at 1.) Amen El also contends that he filed the "Judicial Notices" to "reserve [his] rights to argue claims under 18 USCS 241 if need be [at] a later date" and to "record incidents for the purpose of potential other civil suits . . . to preserve the record & life." (*Id.*) Amen El again asserts that there has been an outbreak at MCF-STW; positive and negative Covid-19 inmates are being housed in the same unit; "Plaintiff has contracted Covid"; Defendants have been performing weekly COVID-19 testing; and Amen El has another case pending in this District. (*Id.* at 1-4.) Amen El apparently intends to amend his complaint upon the conclusion of a claim he filed with the prison administration regarding "stag[ed] confrontations" between inmates.[2] (*Id.* at 3.)

Amen El contends that the "Judicial Notices" comply with Rule 201(b) of the Federal Rules of Evidence because it is generally known: (1) "within the court's territorial jurisdiction that defendants mixed positive and negative inmates," and in support, cites to a December 1, 2020 Declaration of MCF-STW Corrections Captain Andrew Darling that was submitted in connection with a lawsuit Amen El filed in Ramsey County District Court (*id.* at 5; *see also* Dkt. 46-1 at 44-48); (2) "that defendants have failed in vigilantly enforcing the mask mandate" (Dkt. 98 at 5-6); (3) "that either through negligence or intentional acts opposing counsel transferred plaintiff to MCF-OAK PARK after he warned them of the dangers" (*id.* at 6); (4) that "commonsense" supports his contention due to the spike in cases (*id.* at 7); and (5) that "the staging of confrontation or negligently exposing Plaintiff to serious harm is not reasonably

---

[2] Leave of court would be required for any such amendment. Fed. R. Civ. P. 15(a)(1)-(2).

disputed" (*id.*). Amen El generally cites to certain "declarations in support" but there are no declarations attached to the Reply to Rule Nisi nor does he cite any specific declaration. (*Id.* at 6-7.)

Although, Amen El titles the Reply to Rule Nisi as a "Request," it is essentially a reply to Defendant's Response to Amen El's Rule Nisi. The Court has addressed Amen El's allegations in the Report and Recommendation (Dkt. 96), and nothing in Amen El's contentions in the Reply to Rule Nisi changes its recommendation that the "Rule Nisi" be denied and the "Judicial Notices" rejected. Moreover, Amen El admits that MCF-STW's weekly COVID-19 testing "now results in a mooting of the initial request for relief." (Dkt. 98 at 2-3.) Instead, Amen El now asks the Court to "deny defendants['] response and subsequently order them to respond to the Rule nisi or in the alt., grant the rule nisi ordering the state officials to observe the CDC guidelines as relates [sic] to 'masking up,'" to "reframe [sic] from mixing positives and negatives and to use all additional space to complete this task," and to "reframe [sic] from staging confrontations [with] inmates." (*Id.* at 4.)

Having considered the "Reply to Rule Nisi," the Court's recommendation in the Report and Recommendation (Dkt. 96) as to the "Rule Nisi" and "Judicial Notices" does not change. To the extent Amen El seeks other relief in the Reply to Rule Nisi, the Court recommends denial of that relief because those new requests were not filed as a motion with supporting papers as required by Local Rule 7.1; the new requests do not relate to his claim in this case, which is for damages based on a COVID-19 surge from October 27, 2020 to December 4, 2020 (*see* Dkt. 46 ¶¶ 1, Q.1-4 (Request for Relief)); Dkt. 77-1

4

¶¶ 1, R.1-4 (Request for Relief); and because he has not shown extreme circumstances that would warrant the Court's interference with MCF-STW's COVID-19 prevention measures, *see Douglas v. Sigler*, 386 F.3d 684, 688 (8th Cir. 1967).

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Plaintiff Pharaoh El-Forever Left-i Amen El's "Rule Nisi" (Dkt. 87) be **DENIED**;

2. Plaintiff Pharaoh El-Forever Left-i Amen El's "Judicial Notices" (Dkts. 83, 85, 86) be **REJECTED;**

3. Plaintiff Pharaoh El-Forever Left-i Amen El's "Request to Response to Defendants' Response to Rule Nisi and Other Matters" (Dkt. 98) be **DENIED** to the extent it seeks other relief from the Court.

Dated: February 7, 2022         *s/Elizabeth Cowan Wright*
                                ELIZABETH COWAN WRIGHT
                                United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c)