UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-1327(DSD/ECW)

Amen El, Pharaoh El-Forever
Left-I,

        Plaintiff,

v.                                          **ORDER**

Paul Schnell, et al.,

        Defendants.

This matter is before the court upon the objections by plaintiff Pharaoh El-Forever Left-I Amen El to the January 31, 2022, report and recommendation of Magistrate Judge Elizabeth Cowan Wright (R&R). The magistrate judge recommends that the court deny Amen El's motion to amend the second amended complaint, deny his motion for a temporary restraining order, grant defendants' motion to dismiss, deny Amen El's "Rule Nisi" motion; and reject Amen El's "Judicial Notices."[1] For the following reasons, the court overrules Amen El's objections to the R&R.

**BACKGROUND**

---

[1] Certain of these recommendations overlap with the recommendations made in the subsequent report and recommendation dated February 7, 2022. See ECF No. 99. Specifically, both R&Rs recommend denial of Amen El's "Rule Nisi" motion and rejection of his "Judicial Notices." Amen El does not object to these aspects of either R&R. As a result, the court will adopt the R&Rs with respect to those matters without discussion.

This dispute arises out of the COVID-19 response at Minnesota Correctional Facility-Stillwater, where Amen El is incarcerated. The complete background of this action is fully set forth in the R&Rs and will not be repeated here. The court will only briefly summarize the history of the present action insofar as it relates to the R&R.

**DISCUSSION**

The court reviews de novo any portion of the R&R to which specific objections are made. See 28 U.S.C. § 636(b)(1)(c). The court liberally construes a document filed by a pro se litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction means that the court construes a pro se litigant's filing "in a way that permits the [litigant]'s claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (applying liberal construction to a pro se complaint). Pro se litigants are not held to the same stringent standards as formal pleadings drafted by lawyers. See Erickson, 551 U.S. at 94. Liberal construction does not mean, however, that the court will supply additional facts or construct legal theories on behalf of the litigant. See Stone, 364 F.3d at 914.

Amen El objects to the R&R in three respects: (1) he contends that the allegations in the second amended complaint adequately

support his claims; (2) the magistrate judge erred in construing the evidence in a light most favorable to defendants; and (3) Count I should be dismissed, if at all, without prejudice. The court disagrees.

First, the court has reviewed the relevant documents at issue, including the thorough and detailed R&R, and agrees with the magistrate judge that Amen El has failed to plausibly allege a claim under 28 U.S.C. § 1983. In his objections, Amen El simply restates his arguments made to the magistrate judge, and for the reasons stated in the R&R, those arguments are unavailing. The court makes this determination even liberally construing Amen El's allegations.

Second, the court disagrees that the magistrate judge improperly weighed the evidence in favor of defendants. A review of the R&R reveals that the magistrate judge properly applied the motion to dismiss standard without giving undue weight to evidence favoring defendants. Indeed, the record as a whole supports the magistrate judge's conclusion that Count I of Amen El's second amended complaint fails as a matter of law.

Third, the court is unpersuaded by Amen El's argument that the interests of justice require dismissal without prejudice as to Count I, because the pandemic has strained prisoner legal resources and has negatively affected his mental capacity. Given the extensive filings in this case and Amen El's evident grasp of the

3

legal concepts at issue, the court must again disagree.  Amen El has had ample opportunity to present his case to the court and has engaged in extensive motion practice and briefing.  The court is satisfied that allowing Amen El an additional bite at the apple would not be fruitful.

As a result, the court overrules the objections and adopts the extremely thorough and well-reasoned R&R in its entirety.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objections to the R&R [ECF No. 102] are overruled;

2. The letter request to exceed word limits [ECF No. 103] is granted;

3. The R&Rs [ECF Nos. 96, 99] are adopted in their entireties;

4. The motion to amend the second amended complaint [ECF No. 77] is denied;

5. The motion for temporary restraining order [ECF No. 56] is denied;

6. The "Rule Nisi" motion [ECF No. 87] is denied;

7. The "Judicial Notices" [ECF Nos. 83, 85, 86] are rejected;

8. The "Request to Response to Defendants' Response to Rule Nisi and Other Matters" [ECF No. 98] is denied to the extent it seeks other relief from the court; and

9. The motion to dismiss [ECF No. 58] is granted as follows: the second amended complaint is dismissed with prejudice as to Count 1 and without prejudice as to Count 2.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 10, 2022

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court